UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| **CHRISTIAN GETTIMIER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13CV44 HEA |
| ) | |
| **MARK BURSE, et al.,** ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Pike County, Missouri and Sheriff Stephen Korte's Motion to Dismiss, [Doc. No. 5]. Plaintiff has responded to the motion simply by denying the substantive aspects thereof. For the reasons set forth below, the Motion is granted.

**Standard for Motion to Dismiss**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and

plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a

motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

## Facts and Background[1]

Defendants  move to dismiss this action on the grounds that Plaintiff's Complaint fails to allege sufficient allegations of personal involvement by these defendants to satisfy the *Twombly* and *Iqbal* standards.  Plaintiff has utterly failed to address Defendants' arguments in support of their Motion to Dismiss.

---

[1] This recitation of facts is taken from Plaintiff's Complaint for the purposes of this motion only.  It in no way relieves the parties of the necessary proof thereof in later proceedings.

Plaintiff claims his constitutional rights were violated under 42 U.S.C. §1983 while he was a pretrial detainee in the Pike County jail when he was allegedly sexually assaulted by another prisoner. Plaintiff alleges that each Defendant acted under color of state law at all times relevant to his Complaint, however, he fails to allege that Defendant Korte participated in the alleged constitutional violation, or that Defendant Korte was present during the time the alleged violation occurred.  The allegations regrading Defendant Korte, therefore are in his supervisory capacity.

## Discussion

Plaintiff makes allegations that Pike County violated Plaintiff's civil rights through an unspecified policy and claims that Defendant Korte was deliberately indifferent with regard to his hiring practices

It is well established that for municipalities, *respondeat superior* or vicarious liability will not attach under § 1983.  *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy ... inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).  A municipality

may be liable for failure to train its employees when that failure can be shown to be deliberate indifference to the rights of others. *Yellow Horse v. Pennington County*, 225 F.3d 923, 928 (8th Cir.2000).

Deliberate indifference in the context of a claim for failure to train is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). When city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. *Id*. at 407.  The city's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution." *Canton*, 489 U.S. at 395.  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. *Connick v. Thompson*, ––– U.S. ––––, ––––, 131 S.Ct. 1350, 1360 (2011).

A supervisor may be held individually liable under § 1983 if a failure to properly supervise and train the offending employees caused a deprivation of constitutional rights.  Plaintiffs must demonstrate that the supervisor was

- 5 -

deliberately indifferent to or tacitly authorized the offending acts, which requires a showing that the training procedures and supervision were inadequate and likely to result in a constitutional violation. See *Wever v. Lincoln County Nebraska*, 388 F.3d 601, 606 (8th Cir.2004).

The 8th Circuit recognized plaintiff's burden of demonstrating that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. "This requires a showing that the training procedures and supervision were inadequate and likely to result in a constitutional violation."

To succeed on his claim, Plaintiff must show there was a pattern of Korte allowing unconstitutional acts to be committed by his subordinates; that he tacitly authorized those acts; that he failed to take remedial action and the acts caused Plaintiff's alleged injury. However, Plaintiff has not alleged facts which put Defendants on notice of the policy, the actions taken by subordinates, Korte's authorization of the acts and the failure to take remedial action.

The Complaint also contains vague allegations that Defendant Korte failed to use reasonable care in hiring staff. The Complaint, however, is devoid of any factual allegations regarding who was improperly hired and/or why Plaintiff makes this claim. Moreover, Plaintiff fails to allege who was responsible for hiring employees at the Pike County Jail. Nor does Plaintiff even allege Defendant

Korte was deliberately indifferent in his hiring, if he is indeed the hiring officer.

## Conclusion

Taken as a whole, Plaintiff's Complaint fails to set forth sufficient allegations to state a claim against Defendants Korte and Pike County. The Court, therefore, concludes that the Motion is well taken

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 5], is granted.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint within 14 days from the date of this Opinion, Memorandum and Order.

Dated this 15th day of January 2014.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**