UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

CHRISTIAN GETTIMIER, )
)
    Plaintiff, )
)
v. ) Case No. 2:13CV44 HEA
)
MARK BURSE, et al., )
)
    Defendants, )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Pike County Missouri and Sheriff Stephen Korte's Motion to Dismiss of Plaintiff's First Amended Complaint. [Doc. No. 24]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

**Facts and Background**[1]

Plaintiff filed this action alleging Defendant Korte, Sheriff of Pike County, failed to properly train and supervise his employees to make sure that any alarm/distress buttons that were activated in the Pike County Jail were properly investigated and were responded to in a timely manner and that Defenders failed to monitor inmates and keep them in a safe environment. Plaintiff also alleges

---

[1] The recitation of facts is taken from Plaintiff's First Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

unconstitutional custom and practice in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and assault and battery under state law. Plaintiff alleges that, on April 7, 2011, Plaintiff was incarcerated in the Pike County Jail awaiting trial for a charge unrelated to this matter. Plaintiff was one of several men housed in the Jail. Plaintiff was placed in the same cell as Defendant Burse, a person Defendant Pike County and Korte knew or should have known Plaintiff was used as a CI in a case against Burse's family member and that Burse had the propensity to cause serious physical harm to individuals, as Burse was convicted in 1990 for sexual assault against a minor child and again in 1995 in Pike County, Missouri on a Class A Felony Assault in the 1st Degree-Serious Physical Injury. Further, Korte and other officers were placed on notice by other inmates of Burse's propensity to physically harm inmates, including, but not limited to, sexually, prior to placing Plaintiff in the same cell.

Defendant Burse forced himself on Plaintiff in the cell where no monitoring was in place. Plaintiff attempted on several occasions to summon the jailor on duty by pressing the alarm/distress button in the cell no employee of the jail answered or showed up to investigate the problem.

Although the alarm/distress button was placed in the cell for emergencies, Defendant Korte failed to train his employees on how to respond in a timely manner in the event the alarm is signaled or in the alternative no adequate policy

was implemented or adequate training regarding the policies was conducted by Korte. Korte subsequently acknowledged that there was a policy in place, and that the department policy was not followed.  Korte failed to properly train and supervise his employees to make sure theat any alarm/distress buttons that were activated were properly investigated in a timely manner.

    Defendant Burse sexually assaulted Plaintiff.  This incident was at least the third serious physical assault involving Defendant Burse.  Defendants Pike County and Korte had notice of the propensity of Burse to cause serious physical injury to an individual and failed to prevent future attacks and provide a safe environment with sufficient monitoring and supervising.

    Plaintiff further alleges that Defendants Pike County and Korte failed to monitor inmates and keep them in a safe environment, and properly train, supervise and discipline employees in failing to have in place effective policies, procedures and training prohibiting physical and/or sexual assault or contact of inmates; failing to have in place effective policies, procedures and training instructing employees on physical and/or sexual assault of an inmate by another inmate; failing to have in place effective policies, procedures and training instructing employees about the steps to be followed if employees suspect that an inmate may have the propensity to cause serious physical and/or sexual harm to another inmate; failing to have in place effective policies, procedures and training

instructing employees about the steps to be followed when an inmate has a complaint about physical and/or sexual assault by another inmate failing to properly monitor/supervise Burse failing to provide proper security and monitoring to protect inmates; and failing to use reasonable care in regard to prior actions of Defendant Burse and failing to properly supervise Burse.

### Standard

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id*. at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S.

at 555.

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir.2011).

## Discussion

In Count II, Plaintiff sets forth claims against Pike County and Sheriff Korte for failure to properly train, supervise, and discipline officers and a custom of inaction with regard to inmate assault by other inmates.

Plaintiff sues Defendant Korte in his official capacities. Defendants contend that this is tantamount to suing Pike County and that Plaintiff does not allege sufficient facts to support such a claim. The Court agrees. A suit against Defendant Korte in his official capacity is actually a suit against Pike County. See *Parrish v. Ball*, 594 F.3d 993 (8th Cir.2010). As a result, the issue becomes whether Plaintiff has alleged sufficient facts to state a claim against Pike County.

Plaintiff's Complaint contains two potential claims against Pike County: failure to adequately train officers and a custom of inadequate investigation of

complaints. It is well-established that for municipalities, respondeat superior or vicarious liability will not attach under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385(1989). A municipality cannot be sued for injuries inflicted solely by its employees unless a government "policy or custom" caused the injuries. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To prove that Pike County's failure to adequately train officers or investigate complaints rose to the level of a "policy or custom," Plaintiff must show that the County was deliberately indifferent to the rights of others. See *Andrews v. Fowler*, 98 F.3d 1069, 1075–76 (8th Cir.1996). Plaintiff must show that the County had notice of a pattern of inmate attacks on other inmate, that the emergency alarms were not properly responded to in a timely manner or that its training procedures would likely result in inmate assaults, and deliberately did nothing. See *id*. "Notice is the touchstone of deliberate indifference in the context of § 1983 municipal liability." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1216 (8th Cir.2013).

Plaintiff's Amended Complaint alleges that Korte and Pike County knew of Burse's propensities; that Burse had previously caused injuries. Plaintiff further alleges that Korte failed to train his employees regarding how to respond to the alarm/distress buttons. These allegations are conclusory and thus not entitled to the assumption of truth. Plaintiff does not cite with any specificity other instances of Burse's attacks or facts that might demonstrate the County had notice of a

pattern of unconstitutional conduct. The Court finds that Plaintiff fails to state a claim upon which relief may be granted against Defendants Pike County and Korte.

Conclusion

Based on the foregoing, the Court grants Defendants' Motion to Dismiss of Plaintiff's Amended Complaint. Plaintiff will be given leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pike County, Missouri and Sheriff Stephen Korte's Motion to Dismiss, [Doc. No. 24], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an amended complaint.

Dated this 20th day of May, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE