# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| CHRISTIAN GETTIMIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13CV44 HEA |
| ) | |
| MARK BURSE, et al., ) | |
| ) | |
| Defendants, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Pike County Missouri and Sheriff Stephen Korte's Motion to Dismiss Plaintiff's Second Amended Complaint. [Doc. No. 34]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

### Facts and Background[1]

Plaintiff alleges that he was sexually assaulted by another inmate, Defendant Mark Burse, in Burse's cell in Pike County Jail. Plaintiff filed this action alleging that Defendant Korte, Sheriff of Pike County, failed to properly train and supervise his employees to make sure that any alarm/distress buttons that were activated in the Pike County Jail were properly investigated and were responded to in a timely manner and that Defendants Pike County and Korte failed to monitor inmates and keep them in a safe environment. Plaintiff also alleges unconstitutional custom and practice in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and assault and battery under state law.

Plaintiff alleges that, on April 7, 2011, he was incarcerated in the Pike County Jail awaiting trial for a charge unrelated to this matter. Plaintiff was one of several men housed in the

---

[1] The recitation of facts is taken from Plaintiff's Second Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

Jail. Plaintiff was placed in a cell with Defendant Burse. Plaintiff alleges that Defendants Pike County and Korte knew or should have known that Plaintiff was used as a CI in a case against Burse's family member. Further, Plaintiff alleges that Defendants Pike County and Korte knew or should have known that Burse had the propensity to cause serious physical harm to individuals, as Burse was convicted in 1990 for sexual assault against a minor child and again in 1995 in Pike County, Missouri on a Class A Felony Assault in the 1st Degree-Serious Physical Injury. Additionally, Defendants Pike County and Korte were placed on notice by other inmates of Burse's propensity to physically harm inmates, including, but not limited to, sexually, prior to placing Plaintiff in the same cell. This incident was at least the third serious physical assault involving Defendant Burse, who was housed alone in his own cell without a cellmate because of his prior assaults on other inmates and his violent propensities.

Defendant Burse forced himself on Plaintiff in the cell where no monitoring was in place and ultimately sexually assaulted Plaintiff. Plaintiff attempted on several occasions to summon the jailor on duty by pressing the alarm/distress button in the cell, but no employee of the jail answered or showed up to investigate the problem.

Although the alarm/distress button was placed in the cell for emergencies, Defendant Korte failed to train his employees on how to respond in a timely manner in the event the alarm is signaled or in the alternative no adequate policy was implemented or adequate training regarding the policies was conducted by Korte. Defendant Korte subsequently acknowledged that there was a policy in place, and that the department policy was not followed. Defendant Korte failed to properly train and supervise his employees to make sure that any alarm/distress buttons that were activated were properly investigated in a timely manner.

Plaintiff asserts the Pike County Sheriff's Department Jail Manual, which Plaintiff attached as an exhibit to his Second Amended Complaint, was last revised in 2006. Among its

requirements is that inmates should be housed within an established classification system which includes consideration of the inmate's background with behaviour problems, history of violence behavior, history of homosexual behavior, and vulnerability to attack. The Manual also instructs Correctional Officers to observe inmates considered to be aggressive, violence prone, suicidal or mentally ill as often as feasible but at least every fifteen minutes. Plaintiff alleges that since that revision, Defendants Korte and Pike County have had notice that a breakdown in the policies in the manual has resulted in assaults similar to Defendant Burse's assault on Plaintiff. Further, Plaintiff alleges that a holdover inmate housed in Pike County Jail sexually assaulted another inmate approximately two weeks before Defendant Burse assaulted Plaintiff.

**Standard**

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."

*Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011).

**Discussion**

In Count II, Plaintiff sets forth claims under § 1983 against Pike County and Sheriff Korte for failure to properly monitor, train, supervise, and discipline officers, and a custom of inaction with regard to inmate assault by other inmates. Plaintiff sues Defendant Korte in his official and individual capacities.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cook v. City of Bella Villa*, 582 F.3d 840, 848-49 (8th Cir. 2009) (citation omitted). It is well established that for municipalities, or supervisory defendants sued in their individual capacities,[2] respondeat superior or vicarious liability will not attach under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Livers v. Shenck*, 700 F.3d 340, 355 (8th Cir. 2012). "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). A municipality may be liable for failure to train its employees when that failure can be shown to be deliberate indifference to the rights of others. *Yellow Horse v. Pennington County*, 225 F.3d 923, 928 (8th Cir. 2000). Similarly, a supervisory defendant who is not alleged to have directly participated in the alleged

---

[2] Plaintiff's claims against Defendant Korte in his official capacity constitute claims against Pike County. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

constitutional violation may be liable under § 1983 if he (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to plaintiff. *Livers*, 700 F.3d at 355.

Deliberate indifference in the context of claims for failure to train and supervise is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997); *see also Livers*, 700 F.3d at 355–56 (noting that "[i]n order to show deliberate indifference or tacit authorization, [the plaintiff] must allege and ultimately prove [the supervisory defendant] 'had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'") (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)).

Under circumstance where city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. *Brown*, 520 U.S. at 407. The city's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution." *Canton*, 489 U.S. at 395. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. *Connick v. Thompson*, ⎯⎯ U.S. ⎯⎯, ⎯⎯⎯, 131 S.Ct. 1350, 1360 (2011).

Plaintiff's Second Amended Complaint alleges that Defendants Korte and Pike County knew of Burse's propensities; knew that Burse had previously assaulted other inmates; and, as a result of his propensities and previous assaults, housed Burse in his own cell without a cellmate. Plaintiff's arguments regarding Defendants Korte and Pike County's actions appear to be

contradictory. On the one hand, Plaintiff asserts that the Jail's classification policies were not followed when Plaintiff was put in Defendant's Burse's cell. On the other hand, Plaintiff alleges that, prior to Plaintiff being placed in the cell with Defendant Burse (the same day Burse assaulted him), Burse was housed in his own cell because of his violent history and propensities. Thus, according to Plaintiff, the classification policy was being followed prior to Plaintiff's assault, but whoever placed Plaintiff in the cell with Defendant Burse on the day Plaintiff was assaulted did not follow the policy. In other words, Plaintiff argues that Defendants Korte and Pike County should be liable for the actions of the subordinates who placed Plaintiff in a cell with Defendant Burse. As noted, respondeat superior or vicarious liability is not cognizable under § 1983 against municipalities and supervisory defendants. *Canton*, 489 U.S. at 385; *Livers*, 700 F.3d at 355.

In order to succeed on his claim, Plaintiff must show that there was a pattern of Defendants, Korte or Pike County, allowing unconstitutional acts to be committed—namely inmates like Plaintiff being housed with classified violent inmates like Defendant Burse, and assaulted; that Korte tacitly authorized those acts; that Korte failed to take remedial action; and that the acts caused Plaintiff's alleged injury. However, Plaintiff has not alleged facts which put Defendants on notice of the pattern, the actions taken by subordinates, Korte's authorization of the acts, or the failure to take remedial action. Plaintiff establishes in his own allegations that prior to his assault, Defendant Burse was housed in a cell alone pursuant to prison policy.

Plaintiff's only attempt to show a pattern that would put Defendants on notice is his allegation that a holdover inmate housed in Pike County Jail assaulted another inmate approximately two weeks before Defendant Burse sexually assaulted Plaintiff. However, Plaintiff alleges no facts whatsoever regarding the circumstances of this sexual assault and certainly does not allege that it occurred in circumstances similar to Defendant Burse's assault of

Plaintiff—a classified violent inmate assaulting another inmate in his cell. Even assuming, *arguendo*, that these were the circumstances of the earlier assault, "a single instance of failing to follow official policy is insufficient to establish a custom of violating the policy." *Russell v. Hennepin Cnty*, 420 F.3d 841, 849 (8th Cir. 2005) (citing *Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991) ("[A] single deviation from a written, official policy does not prove a conflicting custom or usage.")); *see also Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Clearly, Lovell's alleged conduct was improper and, in an incident or two may have risen to the level of a constitutional violation. However, the isolated instances of which Gooden and Jackson had notice were not sufficient to constitute notice of a pattern of unconstitutional acts.") (citation omitted).

Plaintiff further alleges that Korte failed to train his employees regarding how to respond to the alarm/distress buttons, or to observe classified violent inmates every fifteen minutes. These allegations are conclusory and thus not entitled to the assumption of truth. Plaintiff has not alleged that there were any other occasions on which a distress alarm was deployed without a response. Further, with regard to the fifteen minute observation requirement, there clearly is not a federal requirement for correctional officers to observe violent inmates on fifteen minute intervals, or for Defendants to follow a policy they have chosen to put in place. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (noting that "there is no § 1983 liability for violating prison policy.").

In sum, Plaintiff has completely failed to allege facts showing a failure to monitor, train, supervise, or discipline on the part of Defendants Pike County and Korte. *See Taft v. Palmer*, 2014 U.S. App. LEXIS 22904, at *3–4 (8th Cir. Dec. 5, 2014) ("Though unfortunate, that the policies and procedures failed in this particular case—without more—does not mean that the officials are liable under § 1983 for any deliberate indifference of their staff.") (citing *Kahle v.*

*Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("A failure-to-supervise claim may be maintained only if the official demonstrated deliberate indifference or tacit authorization of the offensive acts." ) (quotation omitted), and *Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007) (noting that, for official to be liable for failure to train, plaintiff must show obvious need for more or different training and great likelihood of constitutional violation from current training)).[3]

**Conclusion**

Based upon the foregoing, the Court grants Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. The Court will grant Plaintiff leave to amend his complaint, if he can. However, if Plaintiff again fails to state a claim upon which relief may be granted the Court will dismiss this matter with prejudice.[4]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Pike County Missouri and Sheriff Stephen Korte's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 34] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an amended complaint.

Dated this 6th day of January, 2015.

                                                  HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE

---

[3] The court notes that, in Count I, Plaintiff brings a § 1983 claim against Defendant Mark Burse—the inmate in Pike County Jail who allegedly assaulted him. Elsewhere in the Second Amended Complaint, Plaintiff asserts that Defendant Burse is being sued in his "individual capacity," and that "[e]ach Defendant acted under color of state law at all times relevant to this complaint." [Doc. No. 30 at ¶¶ 6, 9]. The fact that a fellow inmate is not a "state actor" for purposes of § 1983 litigation is so fundamental as to not require citation. Accordingly, the Court will dismiss Count I of the Second Amended Complaint, *sua sponte*.

[4] The court notes that there are only so many bites allowed on any given apple and this one is almost entirely consumed.